In re John E. MERRILL, Sr., and Nadine R. Merrill aka Helen N. R. Merrill, Debtors.

Paul A. RICHARDS, Plaintiff,

v.

Nadine R. MERRILL aka Helen N. R. Merrill, and John E. Merrill, Defendants.

Bankruptcy No. 80–00897.

Adv. No. 81–0090.

United States Bankruptcy Court, D. Nevada.

July 10, 1981.

Fran Archuleta, Reno, Nev., for plaintiff.

William H. McNeil, Reno, Nev., for defendants.

## ORDER GRANTING MOTION TO STRIKE (DISMISS) COMPLAINT

BERT GOLDWATER, Bankruptcy Judge.

Defendant-debtors moved to strike the complaint upon the grounds that (1) the

time for filing objections to dischargeability expired and (2) debtors had received their discharge before the complaint was filed.

Primarily, a motion to strike is designed to attack redundant, immaterial, impertinent and scandalous matter. Fed.R.Civ.P. 12(f). It is obvious that debtors' motion is intended to dismiss for failure to state a claim. See Fed.R.Civ.P. 12(b)(6). Debtors' response authorities ask to amend the title of their motion to one for summary judgment. Fed.R.Civ.P. 56. At any rate, despite the sloppy practice [1] the Court will not honor form over substance. The motion will be treated as a motion to dismiss or for summary judgment.

Plaintiff's complaint seeking nondischargeability of a debt upon the grounds of false representation [11 U.S.C. § 523(a)(2)(A)] and fraud [11 U.S.C. § 523(a)(4)] was filed June 3, 1981. Plaintiff had been listed as an unsecured creditor in the schedules filed December 4, 1980. The notice of meeting of creditors was mailed December 17, 1980 setting February 26, 1981 as the last date to file a complaint to determine dischargeability of a debt pursuant to 11 U.S.C. § 523(c).

Plaintiff does not directly deny that he received notice; he contends the notice was inadequate because no amount is shown in the schedule opposite his name as an unsecured creditor. That argument is a sham. Plaintiff had timely notice and that is all that is required. Section 523(a)(3) excepts from discharge a debt not listed under 11 U.S.C. 521(1). The latter section requires the debtor to file a "list of creditors". The former section excepts a debt from discharge if the debtor has not listed a debt with the name of the creditor, if known. A discrepancy in omitting the amount of the debt or an amount not in fact due will not prevent a discharge. 1A *Collier on Bankruptcy* 1682 (14th ed. 1978).

Plaintiff, having received notice of the bankruptcy, has failed to file his adversary complaint for nondischargeability of the debt under 11 U.S.C. § 523(a) relating to subparagraphs (2) and (4) within the time for filing and the debt is discharged. 11 U.S.C. § 523(c).[2]

The action is dismissed.

---

1. Debtors also failed to serve and file accompanying points and authorities. *See* Nevada District Court of the United States Rule 16(b).

2. The issuance of a discharge will not bar nondischargeability of a debt, if later found nondischargeable, upon a complaint filed in time.