**In re Frederick Samuel NEW, Mary J. New, Debtors.**

**Bankruptcy No. 81–00060 (Reopened).**

United States Bankruptcy Court, D. Vermont.

June 1, 1982.

Jeffrey T. Smith, Middlebury, Vt., for Mary J. New.

Gail Westgate, Middlebury, Vt., for Frank Phelps.

## MEMORANDUM AND ORDER ON MOTION TO ADD FRANK PHELPS AS AN UNSECURED CREDITOR

CHARLES J. MARRO, Bankruptcy Judge.

The Motion of Mary J. New to Amend Schedule A–3 by adding Frank Phelps as an unsecured creditor came on for continued hearing, after notice.

The Debtors, Frederick Samuel New and Mary J. New, filed their original Petition for Relief under Chapter 7 on March 17, 1981. Under Schedule A–3, Frank Phelps, RD # 1, Brandon, VT 05733, was listed as an unsecured creditor for rent and cattle, in the sum of $6,055.00. Notice of the bank-

ruptcy was mailed in due course and it was received by him.

The Debtors had a lease with Phelps for certain land which they used for the operation of their farm. Under this lease they were obligated to pay any taxes assessed against the property by the Town of Orwell. When they filed their Petition for Relief they were in the process of obtaining a divorce with debtor, Frederick Samuel New, represented by Chester S. Ketcham, Esquire, and debtor, Mary J. New, represented by Jeffrey T. Smith, Esquire. The Petition for Relief was actually prepared by Attorney Ketcham. The taxes for which the Debtors were responsible and payable to Frank Phelps, landlord, were actually listed under Schedule A–1 as being owed to the Town of Orwell, Vermont. During the process of the preparation of the Petition and Schedules, Mary J. New reviewed them but she did not particularly notice that the taxes were listed as being owed to the Town of Orwell, Vermont. It was the intention of debtor, Mary J. New, that the obligation to Frank Phelps for taxes be discharged. The Debtors did, however, owe taxes to the Town of Orwell on property owned by them and not subject to the lease from Frank Phelps.

Sometime subsequent to the filing of the Petition for Relief the Debtors sold their Orwell property and it was agreed that money be held in escrow to cover taxes owed to Phelps under the lease pending the determination of whether they were actually dischargeable.

The original Bankruptcy Petition was processed, and the Debtors received their discharge and the case was closed on November 17, 1981. On March 18, 1982 the debtor, Mary J. New, filed a Petition to Reopen so that she could amend Schedule A–3 to include Frank Phelps as an unsecured creditor for the taxes due under the lease. The Application to Reopen was granted and the Motion to Amend was subsequently filed.

At the hearing Phelps through his attorney tried to introduce testimony that the Debtors had wrongfully sold cattle which was subject to a security interest in favor of Phelps prior to the filing of the Petition, apparently to establish fraud which would except the obligation to Phelps from the discharge. This evidence was excluded on the theory that it was not relevant to the Motion to Amend which was being considered by the Court.

Since Frank Phelps was mailed and received a notice of the bankruptcy he was then in a position to file a Complaint to Determine Dischargeability within the time fixed in the Order for the Meeting of Creditors. However, since he did not do so he was bound by the discharge which was subsequently granted.

It is true that the debt was listed in the schedules as being for rent and cattle and not taxes but this made no material difference since after receiving the notice he could have taken whatever action he thought necessary to protect his right as a creditor including objecting to the discharge.

The only effect of the amendment, if allowed, is to add another type of obligation; i.e., "Real estate taxes on land leased from Frank Phelps since the ____ day of _____, 1970."

The Court fails to see that there has been any prejudice to Phelps based on legal grounds.

## ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED that the Amendment to Schedule A–3 adding Frank Phelps as an unsecured creditor for real estate taxes is ALLOWED.