In re Eugene Carl STRONG & Janice Leah Strong, Debtors.

Rodney C. BRYANT and Bryant Associated Medical Practice, P.C., Plaintiffs,

v.

Janice Leah STRONG and C. Kenneth Still, Trustee, Defendants.

Bankruptcy No. 1–85–00407.
Adv. No. 1–86–0007.

United States Bankruptcy Court,
E.D. Tennessee.

May 14, 1986.

Peter C. Hall, and D. Russell Thomas, of Daniel, Burton & Thomas, Murfreesboro, Tenn., for plaintiffs.

Mary C. Bristow of Forrester & Richardson, Tullahoma, Tenn., for Janice Leah Strong.

Frank Van Cleave of Ray & Van Cleave, Tullahoma, Tenn., for trustee.

RALPH H. KELLEY, Bankruptcy Judge.

Janice Leah Strong and her husband filed a petition for relief under chapter 7 of the Bankruptcy Code. After the court granted them a discharge of their debts, the plaintiffs brought this suit to have one of Janice Strong's debts excepted from the discharge. Janice Strong has filed a motion for summary judgment and the plaintiffs have responded. Whether the court should grant the motion is the question dealt with by this memorandum.

The plaintiffs rely on Bankruptcy Code § 523(a)(3) as grounds for excepting the debt from discharge. It provides:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

. . . . .

(3) neither listed nor scheduled ... with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

. . . .

11 U.S.C. § 523(a)(3).

Timely filing of a proof of claim generally means filing within 90 days after the first date set for the meeting of creditors. Bankruptcy Rule 3002(c).

Timely filing of a complaint to determine dischargeability under § 523(a)(2), (4), or (6) generally means filing within 60 days after the first date set for the meeting of creditors. 11 U.S.C. § 523(c); Bankruptcy Rule 4007(c).

Since subparagraph (B) of § 523(a)(3) applies in this proceeding, the question is

whether the plaintiffs had notice or actual knowledge of the bankruptcy case in time to file a complaint to determine dischargeability.

In August, 1984, the debtor sued Dr. Bryant and Bryant Associated Medical Practice, P.C. (the corporation) in state court. In November 1984, Dr. Bryant and the corporation answered and filed a counterclaim against the debtor for $100,000. On March 4, 1985, the debtor filed her bankruptcy petition. The schedules included an unsecured, non-priority debt of $1,500 to the corporation for medical services. The schedule gave the address used by the corporation in its pleadings and proof of claim. The corporation with the correct address was also included in the list of creditors filed with the bankruptcy petition. The $100,000 counterclaim was not scheduled as a debt to the corporation.

Dr. Bryant was not included in the list of creditors and no debt to him was scheduled.

The clerk's certificate shows that on March 8, 1985, an "Order and Notice" was mailed to all creditors. It set the meeting of creditors for April 1, 1985. It set June 3, 1985 as the last day for filing a dischargeability complaint under § 523(a)(2), (4), or (6). The last day for filing a proof of claim would have been June 30, 1985.

The order and notice was sent by first class unregistered, uncertified mail as authorized by the rules. Bankruptcy Rules 2002(a) & 9001(8).

This court does not use the "no-asset notice" which directs creditors not to file proofs of claims unless later notified that there will be assets. Bankruptcy Rule 2002(e).

Neither Dr. Bryant nor the corporation filed a proof of claim or a dischargeability complaint within the time allowed.

In the state court lawsuit, attorney Gilbert L. Anglin represents the debtor and attorney Russell Thomas represents Dr. Bryant and the corporation. The file reveals that their offices are in Murfreesboro, Tennessee.

On May 31, 1985, Gilbert Anglin wrote Russell Thomas a letter containing the following paragraph:

Please find enclosed a Schedule of Medical Expenses Incurred by Strong's in 1984. Sorry about the delay, but I found it was necessary to first get Bankruptcy Court approval before proceeding. I have done this and I am now about to move forward.

In response to the debtor's motion for summary judgment, Russell Thomas submitted the letter and the envelope in which it was mailed. The envelope is postmarked June 3, 1985, at Murfreesboro. The letter is stamped "Received June –4 1985".

On July 22, 1985, the court granted the debtor's discharge in bankruptcy.

On July 29, 1985, Russell Thomas wrote to Gilbert Anglin concerning the need to get the bankruptcy court's permission for Dr. Bryant and the corporation to proceed with the state court suit. Gilbert Anglin replied by letter dated August 2, 1985:

In reference to your letter dated July 29, 1985, I have already obtained an order from the bankruptcy court allowing me to represent the Strong's in this matter. Therefore, we can proceed with this lawsuit.

Dr. Bryant submitted an affidavit in which he states that the corporation receives many bankruptcy notices and handles them routinely and that he does not recall notice of the debtor's case being brought to his personal attention.

### Discussion

■ The debtor relies on the letters as giving the plaintiffs notice or actual knowledge of her bankruptcy case by giving notice to their agent, attorney Russell Thomas. The first letter was received on the day after the last day for filing a dischargeability complaint. This was not notice in time to allow timely filing of a complaint. Therefore, the letters do not establish a defense and do not support a grant of summary judgment.

The next question is whether the $100,000 claim was discharged to the extent it is the corporation's claim.

The clerk sent notice of the bankruptcy case to the corporation at its correct address. The corporation does not deny that the notice was received. The court can presume that it was. *In re Yoder Co.*, 758 F.2d 1114 (6th Cir.1985).

The plaintiffs contend that more is required—that the creditor must receive notice of the case and that the particular debt must be scheduled. The court does not agree.

■ In chapter 7 cases such as this, the court's notice does not say that any particular debt has been scheduled or even that the recipient of the notice has been listed as a creditor. The notice says only that the named debtor has filed a bankruptcy petition and an order for relief has been entered. When such a notice is received, the creditor owes itself the duty of investigating to determine how the case will affect *all* its claims and whether it should take any action in the case. The creditor cannot be misled by the notice into believing that some claims will be affected by the bankruptcy and others will not. In these circumstances, timely notice from the court that the debtor has filed a case is sufficient to make the creditor's debt dischargeable despite § 523(a)(3). See *In re New*, 22 B.R. 13 (Bankr.D.Vt.1982); *In re Merrill*, 12 B.R. 137 (Bankr.D.Nev.1981). Official Form 16.

From a more technical viewpoint, § 523(a)(3) applies only if a debt is neither listed nor scheduled as required by § 521(1). 11 U.S.C. § 521(1). Section 521(1), however, does not require a list of debts. It requires a schedule of debts and a *list of creditors*. The list of creditors is what it sounds like—a list by name with addresses. It does not reveal that any particular debt is owed. In this court, the list is done in matrix form so that it can be photocopied onto labels that are used to mail the notices. The list is checked against the schedules to assure that no creditor in the schedules is omitted. How-

ever, the list is still the primary source for giving notice of the case to creditors and other interested parties. See Bankruptcy Rule 1007(c). The schedules, on the other hand, serve the purpose of allowing the trustee and creditors to familiarize themselves with the details of the debtor's financial affairs. The important point is that §§ 521(1) and 523(a)(3) are concerned with a simple notice that the debtor is in bankruptcy, without an explanation of what debts are scheduled.

The case file reflects that the debtors filed a list of creditors, in matrix form, which included the corporation. As a result the corporation received all the notice required in order for its $100,000 counterclaim to be discharged under § 523(a)(3).

■ This conclusion does not allow the debtor to circumvent his duty to schedule all his debts. The schedules must be sworn to under penalty of perjury. Bankruptcy Rule 1008. Intentional omissions can lead to a complete denial of discharge. 11 U.S.C. § 727(a)(4). When a debtor knows that leaving out a debt is wrong under the law, he has a fraudulent intent even if he does not know exactly why the omission is wrong. It is wrong because the schedules are intended to give an accurate picture of the debtor's present financial situation and dealings in the recent past.

The plaintiffs have argued that the $100,000 counterclaim was intentionally omitted so that the bankruptcy notice would not be brought to Dr. Bryant's personal attention. This overlooks the fact that omission of the $100,000 claim made no difference to the kind of notice sent to the corporation. The notice would not have been any different. It would not have referred to what particular debts were scheduled. A corporate creditor's insufficient internal procedures should not affect the debtor's right to a discharge. The corporation could easily give Dr. Bryant a weekly list of bankruptcy notices, so that he could refer them to his attorneys if necessary. Apparently the corporation did not do so, or if it did, Dr. Bryant did not pay any special attention to

the debtor's name. In short, the debtor's alleged wrongdoing in not listing the $100,-000 counterclaim did not cause the damage complained of. It did not prevent the corporation from receiving notice in time to file a proof of claim or a dischargeability complaint as to the $100,000 counterclaim.

Furthermore, the clerk is not required to use registered or certified mail to impress upon a creditor the importance of acting to protect its rights.

The corporation's $100,000 counterclaim was discharged and cannot be excepted under § 523(a)(3). The court will grant summary judgment against the corporation. Bankruptcy Rule 7056.

The court cannot grant summary judgment against Dr. Bryant personally. No debt to him was scheduled, and he was not listed as a creditor. The letters between the attorneys did not give him notice or actual knowledge in time to file a dischargeability complaint. Proof that the corporation received the clerk's notice is not proof that Dr. Bryant, as a corporate officer, director, or stockholder also received notice.

The court cannot grant summary judgment as to Dr. Bryant personally because the facts in support of the motion do not prove notice or actual knowledge in time to file a dischargeability complaint. Nevertheless, the question of notice or actual knowledge should still be the first issue at the trial. The court notes that the debtor's attorney in the state court suit knew of the bankruptcy case by April 17th at the latest, when the trustee applied to have him appointed special counsel to pursue the state court suit. The last day for filing complaints was June 3d. Furthermore, the evidence with regard to the motion showed only that Dr. Bryant did not recall seeing notice of the bankruptcy case. That leaves the question of whether he should have seen the notice in the regular business routine.

The court knows of no reason for the bankruptcy trustee being a defendant in a dischargeability suit and would entertain a motion to dismiss as to the trustee.

The court will enter an order granting summary judgment for the defendant as to the corporation and denying it as to Dr. Bryant.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.